UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CHRISTOPHER RUPPE, and
WILLIAM TONEY, on behalf of        CASE NO.:  1:21-CV-24
themselves and those similarly
situated,

        Plaintiffs,

vs.


CARPENTER DESIGN, INC.

        Defendant.
_____/


## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, CHRISTOPHER RUPPE and WILLIAM TONEY, on behalf of themselves and those similarly situated, by and through the undersigned attorneys, sue the Defendant, CARPENTER DESIGN, INC., a North Carolina Corporation, and allege:

1.     Plaintiffs were employees of Defendant and bring this action for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## PARTIES

2.     Plaintiffs were primarily paid on production; they were piece rate employees, working as builders for Defendant in Rutherford, North Carolina.

3.     Plaintiff Ruppe worked for Defendant from approximately May 2018 to

1

February 2019.

4.    Plaintiff Toney worked for Defendant from approximately May 2018 to October 2018.

5.    Defendant, Carpenter Design, Inc., is a North Carolina corporation with its principal place of business in Rutherford, North Carolina.

6.    Defendant engages in business in Rutherford, North Carolina and is within the jurisdiction of this Court.

<u>GENERAL ALLEGATIONS</u>

7.    This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every day piece rate paid worker who worked for Defendant at any time within the past three (3) years.

8.    This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b), and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

9.    At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r)(2)(C) and §203(s)(1)(C).

10.    During Plaintiffs' employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

11.    During Plaintiffs' employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled

2

in interstate commerce.

12.     Included in such goods, materials and supplies were office supplies, telephones, furniture, vehicles and other items which originated from outside the state of North Carolina.

## FLSA VIOLATIONS

13.     At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiffs and other piece rate workers were not paid overtime compensation.

14.     During their employment with Defendant, Plaintiffs and those similarly situated were paid primarily by piece rate, with no additional overtime compensation paid for overtime hours worked.

15.     During their employment with Defendant, Plaintiffs and those similarly situated routinely worked overtime hours.

16.     Pursuant to 29 C.F.R. § 778.111, employees paid by a piece rate are entitled to overtime compensation for overtime hours worked.

## RECOVERY OF OVERTIME COMPENSATION

17.     Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-16 above.

18.     Plaintiffs were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

19.     During their employment with Defendant, Plaintiffs worked overtime hours but were not paid time and one-half compensation for same.

20.     Plaintiffs were only paid piece rates with no additional overtime compensation paid.

21.     Defendant's compensation policy as to Plaintiffs did not provide for overtime compensation.

22.     Defendant did not have a good faith basis for its decision to not pay overtime compensation to Plaintiffs.

23.     As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiffs overtime compensation for overtime hours worked, Plaintiffs suffered damages plus incurring reasonable attorneys' fees and costs.

24.     As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidate damages.

25.     Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, CHRISTOPHER RUPPE and WILLIAM TONEY, on behalf of themselves and those similarly situated, demand judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of their piece rate for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 27th day of January, 2021.

**/s/ Adam A. Smith**
Adam A. Smith, Esq.
N.C. Bar No: 31798
**RIDDLE & BRANTLEY, LLP**

4

P.O. Box 11050
Goldsboro, NC 27532-1050
Direct: (919) 432-1516
Facsimile: (919) 432-1751
E-mail: aas@justicecounts.com
**Local Civil Rule 83.1 Counsel for Plaintiffs**

**/s/ C. Ryan Morgan**
C. Ryan Morgan, Esq.
(*Pro hac vice forthcoming*)
FL Bar No. 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, FL 32802-4979
P: (407) 420-1414
E: RMorgan@forthepeople.com
***Attorney for Plaintiffs***

5