IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1:21-CV-00024-MR-WCM

CHRISTOPHER RUPPE and WILLIAM TONEY, on behalf of themselves and those similarly situated,

        **Plaintiffs,**

 v.

CARPENTER DESIGN, INC.,

        **Defendant.**

## MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND ENTRY OF CONSENT ORDER DISMISSING ACTION WITH PREJUDICE

**THIS MATTER** is before the Court on the Joint Motion for Approval of Settlement Agreement and Entry of a Consent Order Dismissing Action with Prejudice (the "Motion for Approval") filed by Plaintiffs and Defendant (collectively, "Parties"). By their motion, the Parties request that the Court approve a settlement of Plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and dismiss Plaintiffs' claims with prejudice.

### I. BACKGROUND

On January 27, 2021, Plaintiffs filed the Complaint in this matter alleging that they were denied lawful compensation by Defendant. Plaintiff Ruppe alleges that he was employed by Defendant from May 2018 until February 2019. Plaintiff Toney alleges that he was employed by Defendant from May 2018 to October 2018. Plaintiffs were non-exempt employees and were paid primarily by piece rate. In the Complaint, the Plaintiffs allege that Defendant failed to properly compensate them for all time worked by failing to pay overtime. Defendant denies Plaintiffs' allegations and asserts that Plaintiffs were properly paid for all time worked.

Although styled as a class and/or collective action, no individual elected to opt-into this action and no class certification motion was filed.

The settlement is the product of arms-length negotiations by experienced counsel. It will provide relief to Plaintiff and will eliminate the risks both sides would bear if the matter proceeded to adjudication on the merits. The settlement is fair and reasonable and should be approved.

## II. LEGAL STANDARDS FOR FLSA SETTLEMENTS

Under a private FLSA enforcement action, district courts may approve settlements when the settlement proposed by the parties constitutes a reasonable compromise of the parties' *bona fide* dispute. *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Although the Fourth Circuit has not specifically identified the factors to be considered in approving FLSA settlements, district courts in this circuit typically employ those set forth by the Eleventh Circuit in *Lynn's Food Stores. See Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 849 (D.S.C. 2016). An FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. That analysis requires weighing a number of factors, including: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits; and (6) the amount of the settlement in relation to the potential recovery. *Irvine*, 204 F. Supp. 3d at 849. Typically, courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as an indicia of fairness. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. If the proposed settlement reflects a reasonable compromise over contested issues, the court may approve the settlement in order to promote the policy of

encouraging settlement of litigation. *Id.* The settlement in this case satisfies *Lynn's Food Stores'* requirements for FLSA settlement approval. Accordingly, the parties respectfully request that this Court approve the settlement and implement its terms.

### III. THE SETTLEMENT IS A FAIR AND REASONABLE RESOULTION OF A *BONA FIDE* DISPUTE UNDER THE FLSA

#### A. Bona Fide Dispute

It is clear from a review of the pleadings in this matter, along with the parties' exchange of documents and information, that several FLSA issues are in *bona fide* dispute. Here, the parties disagree about: (1) Defendant's liability; (2) whether or not Plaintiffs are owed any pay for overtime or other alleged off-the-clock work; and (3) the calculations of alleged unpaid time owed. The resolution of these issues one way or the other would have had a substantial impact on the outcome of this dispute. In light of the issues in contention among the parties, it is clear that there is a *bona fide* dispute that justifies settlement of this case.

#### B. Fairness and Reasonableness

An evaluation of the above-stated factors demonstrates that this Agreement is fair and reasonable. Regarding the first two factors, i.e., the extent of discovery that has taken place and the stage of the proceedings, the parties assert that the parties have not yet exchanged written discovery but have informally exchanged documents and information relevant to their respective claims, defenses, and accounts of the underlying facts, and discussed: (i) what records exist and what they show; (ii) the testimony likely to be offered from key witnesses; (iii) the claims and defenses that all sides intended to assert; (iv) and each side's calculation of alleged damages.

With respect to the third factor, there is no suggestion of fraud or collusion in this settlement. The Agreement was reached through arms-length negotiations which took place in the context of discussions between experienced counsel, and was concluded after the exchange

and evaluation of the documents and information. As to the experience of counsel and their opinions on this case (the fourth factor), both parties were well-represented by able counsel in this settlement, both of whom have significant experience in litigating and resolving employment-related disputes brought pursuant to the FLSA. These factors thus weigh in favor of approving the Agreement.

Finally, a consideration of the probability of Plaintiffs' success on the merits and the amount of projected recovery in relation to the settlement weighs in favor of approving the settlement. Here, Plaintiffs contended they were not properly paid for all time worked and claimed recovery for overtime pay. Defendant not only denies owing Plaintiffs any compensation, but also disputes Plaintiffs' calculations of their alleged damages. Namely, Defendant asserts that even if Plaintiffs could prove liability (which Defendant denies), the amount of damages Plaintiffs claim is not supported by their time records, nature of their position, or work product. Even more, Defendant contends that Plaintiffs claims for any damages under the FLSA are barred by the applicable two-year statute of limitations.

Both parties recognize that their respective positions face an uncertain outcome if the litigation was to proceed. The range of potential outcomes and risk to the parties give rise to uncertainty on both sides in this case. Ultimately, Defendant agreed to pay Plaintiffs an amount greater than its calculation of the maximum amount of unpaid overtime that they worked during the three year period preceding filing of this action. These amounts are greater than what Plaintiffs may have been able to recover from the court considering the defenses raised by Defendant. Balancing the risks and costs associated with proceeding with the litigation and Defendant's potentially viable defenses in this case, the parties assert that the dollar amounts agreed to in the settlement reflect a reasonable compromise of the issues in dispute.

4

PPAB 6352279v2

Case 1:21-cv-00024-MR-WCM     Document 16     Filed 06/22/21     Page 4 of 5

Moreover, the attorneys' fees and costs were negotiated separately from the settlement paid to Plaintiffs for back wages. Accordingly, Plaintiffs will not be responsible for paying attorneys' fees and costs out of the settlement payments they receive.

## IV. CONCLUSION

For the foregoing reasons, the parties' request that the Court grant the Motion for Approval and enter the proposed Consent Order Approving Settlement and Dismissing Action with Prejudice.

Respectfully submitted, this 22nd day of June, 2021.

/s/Adam A. Smith
Adam A. Smith, Esq.
N.C. Bar No. 31798
RIDDLE & BRANTLEY, LLP
P.O. Box 11050
Goldsboro, NC 27532-1050
Direct: (919) 432-1516
Facsimile: (919) 432-1751
Email: aas@justicecounts.com

C. Ryan Morgan
(*admitted pro hac vice*)
FL Bar No. 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, FL 32802-4979
P: (407) 420-1414
E: RMorgan@forthepeople.com

*Attorneys for Plaintiffs*

/s/Tory Ian Summey
Stacy K. Wood
N.C. Bar No. 21768
Tory Ian Summey
N.C. Bar No. 46437
Parker Poe Adams & Bernstein LLP
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
T: (704) 335-9036; F: (704) 334-4706
stacywood@parkerpoe.com
torysummey@parkerpoe.com

*Attorneys for Defendant*