THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00024-MR-WCM

| | |
|---|---|
| CHRISTOPHER RUPPE and ) <br> WILLIAM TONEY, on behalf of ) <br> themselves and those similarly ) <br> situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CARPENTER DESIGN, INC., ) <br> ) <br> Defendant. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on the parties' Joint Motion for Approval of Settlement Agreement and Entry of a Consent Order Dismissing Action with Prejudice. [Doc. 15].

On January 27, 2021, the Plaintiffs filed a Collective Action against the Defendant alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"). [Doc. 1]. However, while styled as a class action, no individual elected to opt-into the action and no class certification motion was filed. [Doc. 16 at 2]. On June 22, 2021, the parties filed the present

motion seeking approval of a settlement agreement[1] and entry of an order dismissing this matter with prejudice. [Docs. 15, 15-1, 15-2].

The FLSA's provisions are mandatory and are generally not subject to bargaining, waiver, or modification by contract or settlement. See Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). One recognized exception to this general rule is that a district court may approve a settlement between an employer and an employee who has brought a private action for unpaid wages pursuant to § 216(b), provided that the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." Saman v. LBDP, Inc., No. CIV.A. DKC 12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)). When determining if an FLSA settlement warrants approval, courts generally consider "(1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees." Duprey v. Scotts Co. LLC, 30 F. Supp. 3d 404, 407–08 (D.

---

[1] While labeled as "Confidential," the Settlement Agreement is filed on the public docket in accordance with the presumption of public access as applied to FLSA settlement agreements. See Humble v. Harrah's NC Casino Co., LLC, No. 1:17-CV-00262-MR-WCM, 2020 WL 2041344 (W.D.N.C. Apr. 27, 2020).

2

Md. 2014).

Here, the Settlement Agreement allocates a total amount of $3,750 towards Plaintiffs' attorneys' fees and costs. [Doc. 15-1 at 2-3, 11]. Plaintiffs' counsel, however, fails to submit any evidence supporting the reasonableness of the attorneys' fees and costs as allocated in the Settlement Agreement. While the total amount of attorneys' fees and costs may indeed be reasonable, the Court cannot make such a determination in the absence of appropriately supporting evidence. As such, the Court cannot approve the settlement on the present record. Accordingly, the Plaintiffs' counsel shall have fourteen (14) days from the date of this Order to submit evidence supporting the reasonableness of the attorneys' fees and costs as allocated in the Settlement Agreement.

**IT IS, THEREFORE, ORDERED** that within fourteen (14) days of the entry of this Order, the Plaintiffs' counsel shall submit evidence supporting the reasonableness of the attorneys' fees and costs as allocated in the Settlement Agreement.

**IT IS SO ORDERED.**   Signed: July 9, 2021

Martin Reidinger
Chief United States District Judge