THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00024-MR-WCM

| | |
|---|---|
| CHRISTOPHER RUPPE and WILLIAM TONEY, on behalf of themselves and those similarly situated, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | **ORDER** |
| vs. ) ) | |
| CARPENTER DESIGN, INC., ) ) | |
| Defendant. ) ) | |

**THIS MATTER** is before the Court on the parties' Joint Motion for Approval of Settlement Agreement and Entry of a Consent Order Dismissing Action with Prejudice [Doc. 15] and the Plaintiffs' Response to this Court's Order Dated July 9, 2021 [Doc. 19].

On January 27, 2021, the Plaintiffs filed a Collective Action against the Defendant alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"). [Doc. 1]. However, while styled as a class action, no individual elected to opt-into the action and no class certification motion was filed. [Doc. 16 at 2]. On June 22, 2021, the parties filed the present

motion seeking approval of a settlement agreement[1] and entry of an order dismissing this matter with prejudice. [Docs. 15, 15-1, 15-2]. On July 9, 2021, this Court entered an Order directing the Plaintiffs' counsel to submit evidence supporting the reasonableness of the attorney's fees and costs allocated in the Settlement Agreement. [Doc. 17]. On July 28, 2021, the Plaintiffs filed a Response providing evidence about the attorney's fees and costs incurred in this case and addressing the reasonableness of the fees and costs allocated under the Settlement Agreement. [Doc. 19].

The FLSA's provisions are mandatory and are generally not subject to bargaining, waiver, or modification by contract of settlement. See Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). One recognized exception to this general rule is that a district court may approve a settlement between an employer and an employee who has brought a private action for unpaid wages pursuant to § 216(b), provided that the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." Saman v. LBDP, Inc., No. CIV.A DKC 12-1083, 2013 WL 2949047, at *2 (D. Md. June

---

[1] While labeled as "Confidential," the Settlement Agreement is filed on the public docket in accordance with the presumption of public access as applied to FLSA settlement agreements. See Humble v. Harrah's NC Casino Co., LLC, No. 1:17-CV-00262-MR-WCM, 2020 WL 2041344, at *1 (W.D.N.C. Apr. 27, 2020).

2

13, 2013 (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)).  When determining if an FLSA settlement warrants approval, courts generally consider "(1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees." Duprey v. Scotts Co. LLC, 30 F. Supp. 3d 404, 407-08 (D. Md. May 23, 2014).

Having carefully reviewed the parties' Settlement Agreement, the Court concludes that it warrants approval as a fair, reasonable, and adequate compromise of the parties' *bona fide* dispute for the reasons stated in the parties' Memorandum in Support of Joint Motion for Approval of Settlement Agreement and Entry of Consent Order Dismissing Action with Prejudice. [Doc. 16].  Further, based on the evidence the Plaintiffs have submitted detailing the attorney's fees and costs incurred in this case, [See Docs. 19-1, 19-2], the favorable recovery for the Plaintiffs, and the fact that the parties negotiated attorney's fees and costs separately from the amounts recovered by the Plaintiffs, the Court concludes that the Settlement Agreement provides for reasonable attorney's fees and costs.

**IT IS, THEREFORE, ORDERED** that the parties' Joint Motion for Approval of Settlement Agreement and Entry of a Consent Order Dismissing Action with Prejudice [Doc. 15] is **GRANTED.**

**IT IS FURTHER ORDERED** that the parties' Settlement Agreement [Doc. 15-1] is **APPROVED,** and this action is hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Signed: January 19, 2022

Martin Reidinger
Chief United States District Judge